**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JOHNNY HICKS**                                                       **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 2:11-cv-192-KS-MTP**

**UNITED STATES**                                          **RESPONDENT**

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Hicks is a state inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi. He filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1], Memorandum in Support [3] and relevant legal authority, the Court has come to the following conclusions.

**I. Background**

Petitioner was convicted of felon in possession of a firearm in the Eastern Division of this Court on February 8, 2007. *See United States v. Hicks*, 4:05-cr-30 (S.D. Miss. 2007). As a result, Petitioner was sentenced to serve 120 months in the custody of the Bureau of Prisons. Petitioner claims that he was removed from federal custody by way of a writ of habeas corpus *ad prosequendum* for prosecution by the State of Mississippi. Petitioner states that on August 20, 2007, the state prosecution concluded, resulting in him receiving three convictions with a ten-year sentence imposed for each conviction. Petitioner maintains that his state sentences were imposed to run concurrent to each other and consecutive to his existing federal sentence. Petitioner complains that the State authorities did not return him to federal custody at that time, which allowed the State of Mississippi to "take and maintain jurisdiction over [him] to this day."

Pet. [1], p. 2.

Petitioner claims that (1) "the federal authorities actions or inactions constitute an executive function of relinquishing - waiving jurisdiction over Hicks, granting Hicks and implied pardon," and (2) his federal sentence cannot be lawfully "interrupted, nor can he be required to serve [his] federal sentence in installments," thus, he has satisfied his federal sentence. *Id.* at 3. As relief, Petitioner is requesting discharge from his federal sentence or credit on his federal sentence for all the time he has served in custody since his federal sentence was imposed. *Id.*

## II. Analysis

Initially, the Court notes that an inmate may challenge the execution of his federal sentence in a § 2241 petition in the district of his confinement. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)(district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Petitioner's claims challenge the execution of his federal sentence, thus his claims are properly pursued in a § 2241 petition in this Court. *See Castro v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005)(claims by inmate in state custody that BOP was failing to credit his federal sentence properly pursued under 28 U.S.C. § 2241). In addition, the Court points out that even though Petitioner is currently incarcerated within a state facility, he satisfies the "in custody" requirement to challenge his consecutive federal sentence via a habeas corpus petition. *See United States v. Ramos*, 212 F. App'x 354, 355 (5th Cir. 2007)("A petitioner who is serving two consecutive sentences is 'in custody' for purposes of challenging the second sentence via a habeas petition while he is serving the first

sentence.") (citing *Peyton v. Rowe*, 391 U.S. 54, 66 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-93 (1989); *United States v. Shaid*, 937 F.2d 228, 230 n.2 (5th Cir. 1991)).

Although Petitioner has met the above criteria to proceed with this case, a prisoner seeking relief from a federal sentence pursuant to Section 2241 "must first exhaust [his] administrative remedies through the Bureau of Prisons." *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir.1993)(citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)). Petitioner has not submitted any documentation demonstrating exhaustion nor does he claim to have completed the administrative remedy process of the BOP regarding these claims.[1] Hence, this Petition is subject to dismissal.

There are exceptions to the exhaustion requirement that apply only in "extraordinary circumstances." *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010)(citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). The inmate seeking waiver of the exhaustion requirement bears the burden of showing administrative review would be futile. *Fuller,* 11 F.3d at 62 (citing *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)). The Court recognizes that the Petitioner *may* not be able to proceed through the BOP process while he is incarcerated within the Mississippi Department of Corrections[2] and not physically within a BOP facility, however, this does not provide extraordinary circumstances meriting waiver of the exhaustion requirement. *See Brown v. U.S.,* No. 2:09-cv-172, 2009 WL 6962529, *2 (S.D.W.Va. Nov. 18, 2009)(finding habeas request by inmate in state custody challenging the way he believes BOP

---

[1] The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10.

[2] According to the MDOC website, Petitioner's tentative release date from their custody is October 21, 2012. *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedID=30841.

will calculate his federal sentence at some future date to be premature and unexhausted); *Kegley v. USA*, No. 01-CR-62-C-01, 2003 WL 23164514, *1 (W.D.Wis. 2003)("If petitioner cannot exhaust his remedies until he is actually in federal custody, he will have to wait until he has served his state sentence and has been transferred to federal custody to begin the exhaustion process."); *see also Brown v. Ashcroft,* 41 F. App'x 873, 874-75 (7th Cir. 2002)(holding district courts are limited to reviewing BOP's decisions about execution of sentences and without exhaustion, there is no BOP decision to review, therefore dismissal for failure to exhaust is proper). The Court finds that the BOP should have an opportunity to consider Petitioner's claims and possibly grant relief to the Petitioner prior to his pursuit of this habeas petition. *See e.g., Miller v. Burt*, No. 3:06-cv-2755, 2007 WL 2428542, *4 (D.S.C. Aug. 21, 2007)("BOP needs to develop a factual record and apply its expertise to the situation"). To waive exhaustion prior to the BOP considering Petitioner's claims and possibly granting relief would be premature. Therefore, this action will be dismissed for the Petitioner's failure to exhaust his administrative remedies. *See Fuller*, 11 F.3d at 62.

### III. Conclusion

In summary, the Court concludes that (1) Petitioner is challenging the execution of his federal sentence which is properly pursued as a § 2241 petition in the district of his incarceration; (2) Petitioner meets the "in custody" requirement for habeas corpus purposes; (3) Petitioner has not exhausted his administrative remedies through the BOP prior to filing this action; and (4) waiver of the exhaustion requirement is not warranted. As such, this Petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 will be dismissed, without prejudice.

A Final Judgment in accordance with this Memorandum Opinion and Order shall be issued.[3]

SO ORDERED, this the 13th day of January, 2012.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE

---

[3] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro v. Dretke*, 120 F. App'x at 538-39.